### REX et v HARTMAN et

Ohio Appeals, 9th Dist, Medina Co

No 127.   Decided Jan 12, 1934

O. D. Everhard, Barberton, and H. P. Henley, Barberton, for plaintiffs.

John A. Weber, Medina, and H. L. Williams, Medina, for defendants.

## OPINION

By FUNK, J.

From the view we take of the evidence, we do not deem it necessary to pass upon the question of the right of the plaintiffs to set up such a new cause of action in the reply.

There is much conflict in the testimony of the witnesses for the respective parties as to when and how long the water from said spring has been piped and used through said pipes by the various owners of the premises now owned by plaintiffs.

The evidence in this case is such that one could easily conclude that probably two pipes from said spring to plaintiffs' premises were installed—one pipe about 1889 and the other about 1916—as there is no satisfactory evidence concerning the use of water from said spring from about 1905 to 1916. However, it is immaterial when the water from said spring was piped to, and for how long it had been used on, plaintiffs' premises prior to the merger of the titles of both tracts of land in defendants in 1924, or at most prior to 1916, when the defendant Joe Hartman says he put in the pipe now being used from said spring to plaintiffs' residence, as the testimony of the witnesses for both plaintiffs and defendants clearly shows that the use of the water from said spring was at all times permissive and with the consent of the respective owners of the land on which said spring is located. It is well settled that a permissive use does not ripen into a prescriptive right unless, during such permissive use, there is an overt act or acts clearly indicating an intentional open, notorious and adverse use; and there is no evidence to support such use of the water from said spring in the instant case.

Furthermore, since the title to both tracts was merged in the defendants from 1924 to 1926, and since an owner can have no easement in his own land, the continued running of any adverse use there may have been prior thereto was thereby prevented.

Hence, the evidence in this case falls far short of proving a prescriptive right to the use of the water from said spring by the respective owners of the land now owned by plaintiffs, as the evidence shows neither a continuous user for 21 years nor an adverse user at any time prior to the commencement of this suit.

Counsel for plaintiffs further contend that the reply raises the issue of an implied easement or one of necessity, and that, even though plaintiffs may not have a prescriptive right to the use of said spring,

nevertheless the manner in which the water from said spring was being used on plaintiffs' premises at the time defendants conveyed the same to Carl Bevington and as it had been used for many years, created such an easement, either by implication or of necessity, as constituted an appurtenance to plaintiffs' premises, and which therefore passed under defendants' deed of general warranty by which they conveyed said land, with the appurtenances thereunto belonging, to said Bevington in 1926.

Said counsel further claim that the fact that plaintiff Lloyd Rex "made extensive repairs and improvements on the spring" for the use of the water therefrom on his premises, with the knowledge and consent of defendants, considered together with the fact that no reservation was made, for the right to control the use of the water from said spring, not only in the deed of defendants to said Carl Bevington, and/or in his deed to plaintiffs for the premises now owned by plaintiffs, but also none in any of the deeds for plaintiffs' premises since the water was first piped to said premises from said spring more than 40 years ago, now estops defendants from denying plaintiffs' right to such easement, and that defendants cannot now complain, for the reason that all their agreements are presumed to have been merged in the written agreement, to-wit, the deed; and that, in the absence of fraud or mistake, which are not claimed in the instant case, parol evidence cannot be received to add to, limit, vary or contradict the terms of said deeds.

The decisions cited to support plaintiffs' contentions are no doubt good law under the facts of the respective cases, but we think they have no application to the facts in the instant case.

The rule seems to be well settled that a right to take water from a spring on the land of a third person will not pass as an appurtenance to the land on which such right is enjoyed, where the right rests only on a parol license or permission, or anything short of a legal right; that is, it will not so pass as an appurtenance unless it is attached thereto by grant or prescription and is necessary or convenient for its beneficial use, or at least by some title stronger than a mere license or permission.

40 Cyc., "Waters," p. 756.

Having found that the testimony is not sufficient to support a title by prescription for the use by plaintiffs of the water from said spring, the remaining question is, Was said use of the water from said spring an appurtenance by grant or some other title stronger than a license or permissive use?

There is no claim of any grant to the use of the water from said spring unless it passed as an appurtenance to the land under the deeds of general warranty from defendants to Bevington and from him to plaintiffs.

In this connection it must be borne in mind that defendants were the owners of both tracts at the time they deeded the premises now owned by plaintiffs to Bevington, and that the owner of land cannot have an easement in his own estate in fee and that there was therefore at that time no dominant and servient tenements as between the two different portions thereof.

19 C. Jur., "Easements," §156, p. 945.

There is also a well recognized rule that, where there has been a merger by the unity of title to the dominant and servient estates and the owner thereof conveys the dominant estate to another, it ordinarily does not pass the former easement unless it is revived by force of the grant itself or by such words of description as could bring such easement into being by way of a new grant.

Ibid., §161, p. 947.

It must also be borne in mind that, while a deed conveying a part of a tract of land "together with the appurtenances thereto belonging" will convey an existing easement, it will not serve to create an easement or a new right.

161 Pac. 1127, Morris v Blunt.

As the tenor of all the evidence shows only a permissive use of the water from said spring, and as a former easement does not ordinarily pass under a deed from the owner of both tracts except by such words of description as would constitute a new grant, and there being no such specific grant in any deed for its use, its use could be made an appurtenance only by the intention of the parties to the deeds of defendants to Bevington and from him to plaintiffs. Hence the intention of the grantor is the cardinal subject of inquiry in determining whether the use of said water passed with the deed of defendants for the land now owned by plaintiffs, and in the absence of any language in the deed, the intention of the parties can be ascertained only from what was said and done between the parties in connection with the surrounding facts and circumstances.

158 Pac. 1025, Cheda v Bodkin.

The rule is well recognized that parol evidence is permissible to show conversation and surrounding facts and circumstances, not for the purpose of altering or changing a contract, but, where there is uncertainty or doubt, it may be admitted to aid in arriving at the intention of the parties and a

proper interpretation of the written instrument. It being apparent, under the undisputed evidence, that the intention of the parties in the instant case must control as to whether or not said use of the water from said spring was an easement and passed with the land by the deed of general warranty, we think it was entirely proper to admit parol evidence as to the several conversations of plaintiff Lloyd Rex with said Bevington and with the defendant Joe Hartman, concerning the use of the water from said spring—not for the purpose of altering or changing the terms of said deeds but for the purpose of determining the intention of the parties and whether or not such an easement existed as would pass as an appurtenance to the land.

There being no claim of any specific grant of such easement in any of the deeds for plaintiffs' premises, and it being clear that there is no title by prescription for such an easement, does the evidence disclose any other title for such an easement stronger than a mere license or permissive use?

The evidence in this regard shows that Mr. Bevington, the grantee in the deed of defendants for said land, tesitfied that he asked defendants to include in their deed to him the right to the use of the water from said spring, and that defendants refused to do so, but said to him that he could use it as long as defendants did not need or want it. This testimony is not only uncontradicted but is corroborated by the testimony of defendants, and tends to prove not only that the use of the water from said spring was merely permissive but also definitely proves that its use was not intended to be conveyed by said deed, and that both parties so understood it. Can anyone say that, under such uncontradicted testimony, the use of the water from said spring was an appurtenance to said land? We think not.

Said Bevington also testified that when he sold said land to plaintiffs, the plaintiff Lloyd Rex asked about the use of said water and that he told said Rex that he (Rex) would have to see defendants and make his own arrangements, the same as he (Bevington) did when he bought said land. Plaintiff Lloyd Rex admits that he had some such conversation with said Bevington, but says that Bevington told him that he (Bevington) did not see why plaintiffs could not use the water from said spring the same as he was using it.

Plaintiff Lloyd Rex further testified that after plaintiffs had purchased said premises, he asked the defendant Joe Hartman to give them a writing for the use of the water from said spring, which he refused to do, but said that "it wasn't necessary." Said plaintiff Lloyd Rex also testified that at a time when he was preparing to clean or fix up said spring, said Joe Hartman said to him that he could "go ahead and fix up the spring any way you see fit." Plaintiff Lloyd Rex also admitted that at one conversation he had with defendant Joe Hartman, said Hartman told him that plaintiffs could use said water so long as defendants didn't need it.

While there are some minor conflicts in the testimony as to just what Bevington and Hartman said to Lloyd Rex in the various conversations between Rex and Bevington and Rex and Hartman, and even conceding that they said what Rex says they said, it only tends to prove that the use of the spring was merely permissive and does not sustain the claim of either an implied easement or one of necessity.

Under the evidence in this case, we are clearly of the opinion that plaintiffs have no title or right to the use of the water from said spring stronger than a mere license or permissive use, and under the above well settled rules we cannot do otherwise than find for defendants and dismiss the petition.

A decree may be prepared accordingly.

WASHBURN, PJ, and STEVENS, J, concur in judgment.